Filed 7/24/23  P. v. Tran CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094216 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F03454) |
| v. | OPINION ON TRANSFER |
| QUYEN TRAN, | |
| Defendant and Appellant. | |

In 1999, a jury found defendant Quyen Tran guilty of first degree murder and assault with a firearm in a gang-related, drive-by shooting.  The jury found true the allegation defendant had personally used a firearm.  The jury also found true the "drive-by murder" special-circumstance allegation that "[t]he murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at

1

another person . . . outside the vehicle with the intent to inflict death." (Pen. Code,[1] § 190.2, subd. (a)(21).) (*People v. Vo* (Apr. 19, 2005, C034960) [nonpub. opn.].)[2] The trial court sentenced defendant to life without the possibility of parole for the murder, a consecutive 25 years to life for the firearm enhancement, and a consecutive six years for the assault with a firearm, plus two years for the gang enhancements. (*Ibid.*) On appeal, we affirmed the convictions, but modified the sentences on the assault conviction and gang enhancement. (*Ibid.*)

On March 6, 2020, defendant filed a petition for resentencing under section 1172.6,[3] alleging he had been convicted of first degree murder under the felony-murder rule or natural and probable consequences doctrine, could not now be convicted based on changes made to sections 188 and 189, and was eligible for resentencing because he was not the actual killer, did not aid and abet the actual killer with intent to kill, and the victim was not a peace officer. After briefing by the parties, the trial court denied the petition finding defendant was ineligible for relief as a matter of law because the "jury was not instructed on either the natural and probable consequences doctrine or felony-murder," and under the instructions given, the jury necessarily found he acted with intent to kill by virtue of the true finding on the special-circumstance allegation.

Defendant filed a notice of appeal. Approximately one week later, he filed a motion for reconsideration in the trial court. The trial court noted it would deny the motion for reconsideration, but since defendant had filed a notice of appeal prior to the

---

[1]    Further undesignated section references are to the Penal Code.

[2]    We granted defendant's request to incorporate by reference the record on appeal in case No. C034960.

[3]    Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. We refer to the current section 1172.6 throughout this opinion.

motion for reconsideration, the trial court did not have jurisdiction to decide the motion for reconsideration.

On October 18, 2021, appointed counsel filed an opening brief that set forth the facts and procedural history of the case and requested this court review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant did not file a supplemental brief and in an unpublished opinion, we dismissed defendant's appeal as abandoned. (*People v. Tran* (Jan. 24, 2022, C094216) [nonpub. opn.].) The Supreme Court granted defendant's petition for review and transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216. We vacated our decision.

This court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating her review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider.

Defendant filed a supplemental brief contending the trial court erred in denying his petition, as the aiding and abetting instructions improperly permitted the jury to impute intent to him and did not require the jury to find he personally intended the death of the victim. We requested supplemental briefing from the People on this issue. The People contend that both murder theories relied on in this case required the jury to find defendant had an intent to kill and therefore defendant is precluded from relief as a matter of law. We agree with the People and will affirm the trial court's denial of the petition.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder,

to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieved this by amending sections 188 and 189.

Section 188, subdivision (a)(3) now requires, with the exception of felony murder under section 189, subdivision (e), that "all principals to murder must act with either express or implied malice to be convicted of that crime . . . . (Stats. 2018, ch. 1015, § 2.)" (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1250.) Section 189, subdivision (e), now limits application of "the felony-murder rule to cases where the defendant was the actual killer, acted with an intent to kill, or acted as a 'major participant' in the underlying felony and with 'reckless indifference to human life' " as defined in the statute. (*People v. Coley* (2022) 77 Cal.App.5th 539, 543.)

Thus, following enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.), and where felony murder is not at issue (see § 189, subd. (e)), a person must act with malice aforethought to be convicted of murder (§ 188, subd. (a)(3); see *People v. Vang* (2022) 82 Cal.App.5th 64, 83; *In re R.G.* (2019) 35 Cal.App.5th 141, 144). Senate Bill No. 1437 does not, however, "eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.)

Here, the trial court instructed the jury on two forms of first degree murder: (1) deliberate, premeditated murder; and (2) murder by drive-by shooting. In order to find defendant guilty of first degree murder, the instructions for both these theories required the jury to determine that defendant acted with the intent to kill the victim. The jury was also instructed that a person aids and abets the commission of a crime if they act with knowledge of the perpetrator's unlawful purpose and "with the intent or purpose of committing or encouraging or facilitating the commission of the crime." The jury was instructed that only if it found defendant guilty of first degree murder, was it to consider

4

the drive-by shooting special circumstance. This instruction also required the jury to find that defendant acted with an intent to kill the victim. The jury was not instructed on a natural and probable consequences or felony-murder theory.

Relying on *People v. Langi* (2022) 73 Cal.App.5th 972 and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, defendant contends that based on the aiding and abetting instruction given, the jury was permitted to find him guilty of murder and find the special circumstances true by imputing malice to him based on the actions of his codefendant. "Assuming that aiding and abetting an implied malice murder can involve the imputation of malice based on participation in a crime even when no instructions have been given on the natural and probable consequences doctrine," *Langi* and *Maldonado* do not apply here because those cases involve *implied* malice. (*People v. Coley*, *supra*, 77 Cal.App.5th at p. 547; see *Langi*, at pp. 982-983 [jury instructions on aiding and abetting an implied malice second degree murder created ambiguity that did not require finding of intent to kill or conscious disregard of risk]; *Maldonado*, at p. 1259 [jury instructions on aiding and abetting an implied malice lying-in-wait murder allowed the jury to impute malice to the defendant based solely on his participation in a crime].) Implied malice murder does not require the jury find an intent to kill. (*People v. Powell* (2021) 63 Cal.App.5th 689, 711-712.) Thus, the instructions in *Langi* and *Maldonado* presented theories of murder which did not require the juries to determine the defendants acted with the intent to kill.

By contrast, both theories of first degree murder presented to this jury, deliberate, premeditated murder and drive-by shooting murder, required the jury to find defendant acted with intent to kill. In addition, the jury was instructed that to find defendant guilty as a direct aider and abettor, it was required to find defendant knew the perpetrator intended to kill the victim, he intended to aid and abet the perpetrator in committing the killing, and he did by word or conduct aid the perpetrator in the killing. (See *People v. Williams*, *supra*, 86 Cal.App.5th at p. 1256.) Thus, in finding defendant guilty of first

5

degree murder (§ 187, subd. (a)), the jury necessarily determined defendant acted with the intent to kill. The jury again found defendant had the intent to kill when it found the drive-by murder special circumstance true. Where a defendant is "convicted of first degree murder as an aider and abettor with intent to kill, [the defendant] is . . . ineligible for resentencing." (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945.) The jury's findings that defendant had the intent to kill refute the allegations in the petition for resentencing and demonstrate defendant was not eligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

## DISPOSITION

The trial court's postjudgment order is affirmed.


/s/_____
ROBIE, J.


We concur:



/s/_____
EARL, P. J.



/s/_____
RENNER, J.


6